IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JIMI DE'SHON MARSHALL, | ) | No. C 09-1767 JSW (PR) |
| Petitioner, | ) ) | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY** |
| vs. | ) ) | |
| B. CURRY, Warden, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

Petitioner, a prisoner of the State of California, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges the decision by the California Board of Parole Hearings ("Board") to deny him parole in 2007.

Petitioner's claims challenge the sufficiency of the evidence underlying the denial of parole and the findings by the Board and the state courts he would pose an unreasonable risk of danger to the public if released. The United States Supreme Court has recently held that a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, No 10-333, slip op. at 4-5 (U.S. Jan. 24, 2011). Specifically, the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution only entitles a California prisoner to an opportunity to be heard and a statement of the reasons why parole was denied. *Id.* at 4-5. The parole hearing transcript makes it clear that Petitioner received an opportunity to be

heard and a statement of the reasons parole was denied. The Constitution does not require more. *Id.* at 5. The Court further explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." *Id.* It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 6. In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, Petitioner's claims challenging the sufficiency of such evidence do not present a basis for federal habeas relief.

      Accordingly, the petition for a writ of habeas corpus is DENIED. Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a Petitioner is entitled to a certificate of appealability in the same order in which the petition is decided. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this Court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

      The Clerk shall enter judgment and close the file.

      IT IS SO ORDERED.

DATED: FEB 1 7 2011

JEFFREY S. WHITE
United States District Judge

2